John R. Waterman, Esq. (# 215378)
**WATERMAN LAW, P.C.**
8050 North Palm Avenue, Suite 300
Fresno, CA 93711
Ph: (559) 365-7890
Fax: (888) 519-8544
john@watermanlaw.org

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERRN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| ESTATE OF JUDY MILBURN,<br><br>Plaintiff,<br><br>v.<br><br>COLONIAL FREIGHT SYSTEMS, INC., and DOES 1 to 50, inclusive.<br><br>Defendant. | CIVIL ACTION NO. 2:19-cv-233<br><br>**COMPLAINT**<br>WRONGFUL DEATH |

### ORIGINAL COMPLAINT AND JURY DEMAND

COMES NOW, Estate of Judy Milburn and heirs, (*hereinafter* "MILBURN"), herein complaining of Defendant COLONIAL FREIGHT SYSTEMS, INC. ("*hereinafter* "COLONIAL"), and for cause of action would respectfully show unto the Court the following:

### I. JURISDICTION

1. This court has original jurisdiction pursuant to 42 U.S.C. section 1332(a) because the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different States. MILBURN is a resident of Oklahoma. Defendant COLONIAL is a corporation formed in Alabama, with its principal place of business in Tennessee.

### II. VENUE

2. Pursuant to 28 U.S.C. section 1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### III. PARTIES

3. At all times herein relevant, both PLAINTIFF and MILBURN are/were citizens of the State of Oklahoma.

4. At all times herein mentioned, Defendant COLONIAL was and is a corporation with a principal place of business in Knoxville, Tennessee. Defendant COLONIAL may be served with process by serving its registered agent for service of process, Ruby McBride, 10924 McBride Lane, Knoxville, Tennessee 37932-3221.

### IV. FACTUAL ALLEGATIONS

5. Defendant COLONIAL is a motor carrier licensed and regulated by the Federal Motor Carrier Safety Administration (FMCSA).

6. On January 4, 2018, Judy Milburn was a passenger in a 2014 Volvo Tractor Truck towing a trailer labeled and identified as "COLONIAL Freight Systems, Inc." westbound on Interstate-20 in Harrison County, Texas driven by Jimmy Crisenberry (CRISENBERRY).

7. At approximately, 2:10 a.m. other vehicles had stopped due to traffic conditions.

8. Other tractors and trailers had stopped their vehicles, initiated hazard lights, and remained stationary waiting for the interstate to reopen.

9. CRISENBERRY was an employee of Defendant COLONIAL.

10. CRISENBERRY operated the tractor and trailer at the direction of Defendant COLONIAL.

11. CRISENBERRY was in the course and scope of his employment with Defendant COLONIAL at the time of the collision.

12. When CRISENBERRY reached the stalled traffic, he failed to control his speed.

13. At the time of the collision, CRISENBERRY'S speedometer was locked at 70 miles per hour.

14. CRISENBERRY drove distracted, lacked attention to surrounding road conditions, and failed to realize that traffic ahead had come to a stop.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

2

15. Due to CRISENBERRY'S failure to maintain proper speed, and failure to keep an assured clear distance between himself and the vehicles in front of him, CRISENBERRY failed to stop his tractor.

16. CRISENBERRY collided with numerous vehicles at high rate of speed without hitting his brakes.

17. CRISENBERRY and his passenger, MILBURN, were both killed as a result of the collision.

18. Judy Milburn was asleep in the sleeping birth at the time of the collision.

19. The damages sustained by Plaintiffs were proximately caused by the statutory and common law negligence of Defendant COLONIAL in failing to exercise a reasonable degree of care in hiring, retaining, training, and supervising CRISENBERRY.

20. Judy Milburn was not working at the time of the accident.

21. Judy Milburn was not in the course and scope of work performed for Defendant Crisenberry or Defendant Colonial Demand.

## V.  FIRST CLAIM FOR RELIEF
### (Negligence)

22. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length and incorporates all allegations and causes of actions above into this cause of action by reference.

23, COLONIAL and their agents, employees, and commercial drivers had a duty to act reasonably in the operation of their tractor trailers, and to ensure that it's driver(s) safely drove and/or operated their commercial vehicles, tractor trailers, and trucks reasonably and prudently to avoid injury to others.

24. At the time of the collision, CRISENBERRY while driving for Defendant COLONIAL failed to exercise due care by:

  A. maintaining an unsafe distance from other vehicles;

  B. keeping an improper lookout;

  C. travelling at an unreasonable speed given the circumstances;

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

3

      D.    making an untimely and improper application of his brakes;

      E.    exhibiting inadequate driver attention;

      F.    driving distracted;

      G.    taking improper evasive action to avoid the collision; and

      H.    choosing to violate safety rules.

25. The tractor-trailer driven by CRISENBERRY was driven with the permission and at the direction of COLONIAL.

26. The tractor-trailer driven by CRISENBERRY was driven in the course and scope of his employment and agency with COLONIAL.

27. Plaintiffs would show, before a full investigation has been made, that at the time of the collision, CRISENBERRY was grossly and generally negligent under the circumstances then and there existing.

28. At the time of the accident, CRISENBERRY was negligent per se in that he was violating one or more of the statues of the State of Texas, to include but not be limited to:

      a.    Transportation Code Sec 545.062 – Following too closely

29. At all times relevant to this cause of action, CRISENBERRY was subject to and required to obey the minimum safety stands established by the Federal Motor Carrier Safety Regulations (FMCSR) (49 C.F.R. §§ 301 to 399), either directly or as adopted by the Texas Department of Transportation Safety Rules & Regulations.

29. CRISENBERRY will be shown to have violated the state and Federal Motor Carrier Safety Regulations and statutes of Texas which constitutes negligence per se, including but not limited to: 49 C.F.R. § 390 General; 49 C.F.R.§ 392 Driving of Commercial Motor Vehicles; and Texas Transportation Code Sec 545.062 – (Following too closely)

30. CRISENBERRY'S negligence, combined and concurring with the negligent acts of COLONIAL, proximately caused the wreck involving MILBURN resulting in her death and damages to PLAINTIFF to be determined at trial.

31. CRISENBERRY owed duties of ordinary care to MILBURN and other motorists and members of the public on the roadway. CRISENBERRY's conduct, as outlined above, breached those

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

4

duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein.

32. Defendants' negligence as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

33. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

34. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## VI. SECOND CAUSE OF ACTION
### *(Respondeat Superior)*

35. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length and incorporates all allegations and causes of actions above into this cause of action by reference.

36. At all relevant times, CRISENBERRY was COLONIAL'S agent, employee, servant, and/or independent contractor, driving a commercial vehicle with COLONIAL'S name and logo, and was acting within the course and scope of his employment, under the direct control of COLONIAL, and within the course and scope of his agency or employment. On this basis, COLONIAL listed under this cause of action are vicariously liable for CRISENBERRY'S negligence.

37. On this basis, COLONIAL under this cause of action are vicariously liable for CRISENBERRY'S negligence under this doctrine.

38. Irrespective of the employment or agency relationship, COLONIAL is an interstate carrier subject to the Federal Motor Carrier Safety Administration Regulations and is, therefore, responsible for the acts of CRISENBERRY.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

39. At the time of the accident, Judy Milburn was not acting as COLONIAL'S agent, employee, servant, and/or independent contractor, nor driving a commercial vehicle with COLONIAL'S name and logo, and was not acting within the course and scope of any employment, under the direct control of COLONIAL, and not within the course and scope of any agency or employment. Instead, Milburn was a sleeping passenger in the Colonial commercial vehicle and was not being compensated for pay in any manner at the time of her death. Milburn was never compensated for time spent sleeping by anybody, including Defendant.

40. The negligence of Defendants' employee, agent, driver (CRISENBERRY) as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

41. Defendants knew, or should have known, that the negligence and wrongful conduct of Defendants' employee, agent, driver (CRISENBERRY) in the course of carrying out Defendants' commercial enterprise would be substantially certain to cause Plaintiff to suffer damages.

42. Defendants' employee, agent, driver (CRISENBERRY) actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

43. As a direct, foreseeable, and proximate result of Defendants' employee, agent, driver (CRISENBERRY) negligent conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## VII. THIRD CAUSE OF ACTION
### (Direct Negligence of COLONIAL)

44. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length and incorporates all allegations and causes of actions above into this cause of action by reference.

45. COLONIAL had a duty to act reasonably in hiring and retaining CRISENBERRY, and to adopt and enforce policies, procedures, and rules to ensure that it's driver(s) performed their duties in a safe manner.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

46. COLONIAL'S conduct demonstrated a conscious disregard of the known risks to MILBURN / PLAINTIFFS and the rest of the public and a breach their duty adopt and enforce policies, procedures, and rules to ensure that it's driver(s) performed their duties in a safe manner.

47. As a result of Defendant COLONIAL's breach of its aforementioned duties, Defendants' directly and proximately caused the damages described in causes of action above.

48. As a direct, foreseeable, and proximate result of Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## VIII. THIRD CLAIM FOR RELIEF
### (Negligent Hiring by Defendant COLONIAL)

49. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

50. Defendant COLONIAL was negligent in the hiring of CRISENBERRY in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position to safely operate commercial motor vehicles under the control of Defendant COLONIAL. Defendant COLONIAL was further negligent in employing and providing CRISENBERRY with a commercial motor vehicle.

51. Defendants breached this duty by failing to exercise of reasonable care in ensuring that CRISENBERRY was fit or qualified for a position to safely operate commercial motor vehicles under the control of Defendant COLONIAL. Defendant COLONIAL was further negligent in employing and providing CRISENBERRY with a commercial motor vehicle.

52. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of the public and Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

53. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

7

## IX. FOURTH CLAIM FOR RELIEF

### (Negligent Training by Defendant COLONIAL)

54. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

55. Defendant COLONIAL was negligent in the training of CRISENBERRY, in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles. Defendant COLONIAL failed to properly train and/or instruct CRISENBERRY for the job he was to perform and for the safe operation and entrustment of a commercial motor vehicle. Defendant COLONIAL failed to instruct or train CRISENBERRY concerning the subject motor vehicle and allowed CRISENBERRY to drive a motor vehicle when it knew or should have known that CRISENBERRY was not capable of or qualified in operating the commercial vehicle properly.

56. Defendants breached their duty by such conduct as alleged herein.

57. Defendants' negligence as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

58. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

59. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## X. FIFTH CLAIM FOR RELIEF

### (Negligent Supervision of Defendant COLONIAL)

60. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

8

61. Defendant COLONIAL was negligent in the supervision of CRISENBERRY in that Defendant COLONIAL knew, or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position, which he was required to safely operate a commercial motor vehicle.

62. Defendant COLONIAL refused to supervise CRISENBERRY for the job that he was to perform. Defendant COLONIAL refused to supervise CRISENBERRY on the date of the incident in question, and allowed, or refused to prevent, CRISENBERRY from operating Defendant COLONIAL's commercial vehicle in an unsafe manner.

63. As a result of the aforementioned negligent conduct, Defendants breached their duty to the public and Plaintiff by allowing and perpetuating such conduct as alleged herein.

64. Defendants' negligence as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

65. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

66. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## XI. SIXTH CLAIM FOR RELIEF

**(Negligent Retention of Defendant COLONIAL)**

67. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

68. Defendant COLONIAL was negligent in the retention of CRISENBERRY, in that Defendant COLONIAL knew or in the exercise of reasonable care should have known, that CRISENBERRY was unfit or unqualified for a position for which he was required to safely operate a commercial motor vehicle. Defendant COLONIAL negligently retained CRISENBERRY prior to the date of the incident in question, and allowed, or refused to prevent, CRISENBERRY from operating Defendant COLONIAL's vehicle in an unsafe manner.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

9

69. As a result of the aforementioned negligent conduct, Defendants breached their duty to the public and Plaintiff by allowing and perpetuating such conduct as alleged herein.

70. Defendants' negligence as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

71. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

72. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## XII. SEVENTH CLAIM FOR RELIEF
### (Negligent Entrustment of Defendant COLONIAL)

73. Plaintiff repleads the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

74. Without waiving the foregoing, in conjunction with, additionally and/or alternatively, Plaintiff would further show this Court that Defendant COLONIAL refused to exercise due care and negligently entrusted a commercial motor vehicle to its employee, CRISENBERRY. Defendant COLONIAL knew or should have known that CRISENBERRY was not capable of safely driving a commercial motor vehicle. But for Defendant COLONIAL's negligent entrustment of the commercial motor vehicle to CRISENBERRY, this motor vehicle collision would not have occurred.

75. As a result of the aforementioned negligent conduct, Defendants breached their duty to the public and Plaintiff by allowing and perpetuating such conduct as alleged herein.

76. Defendants' negligence as alleged herein above was a substantial factor and a proximate cause of Plaintiff's injuries as set forth herein.

77. Defendants knew, or should have known, that their wrongful conduct would be substantially certain to cause Plaintiff to suffer damages. Defendants' actions were negligent and outrageous, done with reckless disregard of Plaintiff's health and well-being, done in bad faith and with malfeasance, that they would certainly cause Plaintiff to suffer severe emotional distress.

John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

78. As a direct, foreseeable, and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer special and general damages in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for damages against Defendant as follows:

A. General damages in excess of $75,000.00 according to proof at trial;

B. Special damages in excess of $75,000.00 according to proof at trial;

C. Funeral and Burial Expenses

D. Loss of services

E. Loss of care guidance, and nurturing;

F. loss of love and companionship;

G. Lost wages/income;

H. Loss of inheritance;

I. Pre-judgment and post-judgment interest at the legal rate to the extent allowed under the law until paid.

J. Costs of suit herein incurred; and

K. For such other and further relief as the court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated this 21th Day of June, 2019

Respectfully submitted,

_[signature]_

John R. Waterman, Esq. # 215378
**WATERMAN LAW, P.C.**
8050 North Palm Avenue, Suite 300
Fresno, CA 93711
Telephone: (559) 365-7890
Facsimile: (888) 519-8544
**Service of Documents:**
John R. Waterman
WATERMAN LAW, P.C.
8050 North Palm Ave.
Suite 300
Fresno, CA 93711

COMPLAINT
CIVIL ACTION NO. 2:19-cv-233

11