IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTATE OF JUDY MILBURN, ROSA BRANNEN, AN INDIVIDUAL (DAUGHTER OF DECEDENT) AND AS ADMINISTRATOR TO THE ESTATE OF JUDY DARLENE MILBURN; AND JAIME GARCIA, AN INDIVIDUAL (SON OF DECEDENT); | § § § § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. 2:19-CV-00233-JRG |
| COLONIAL FREIGHT SYSTEMS INC, DOES 1 TO 5, | § § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Colonial Freight Systems, Inc.'s ("Colonial") Amended Fed. R. Civ. P. 12(B)(6) and 12(B)(1) Motion to Dismiss (the "Motion"). (Dkt. No. 37.) Having considered the Motion and subsequent briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED** on both its Rule 12(b)(1) and Rule 12(b)(6) grounds.

I.  BACKGROUND

On January 4, 2018, Judy Milburn ("Milburn") was killed when the tractor trailer in which she was riding collided with other vehicles that were stopped on Interstate 20 due to traffic conditions. (Dkt. No. 33 ¶¶ 9–18.) Milburn was asleep in the sleeping berth of the truck at the time of the collision. (*Id.* ¶ 20.) The truck was driven by Jimmy Crisenberry ("Crisenberry"), an employee of Colonial. (*Id.* ¶¶ 21, 22.)

On June 21, 2019, Plaintiffs Rosa Brannen, individually and as Administrator of the Estate of Judy Darlene Milburn; and Jaime Garcia, individually (collectively, the "Plaintiffs")[1]; filed the instant lawsuit against Colonial alleging that Milburn's death was proximately caused by the negligence of Crisenberry; that Colonial is vicariously liable for the negligence of Crisenberry under the doctrine of *respondeat superior*; and that Colonial was negligent in hiring, retaining, training, and supervising of Crisenberry. (*Id.* ¶¶ 30–111.) On December 31, 2019, Plaintiffs filed their First Amended Complaint which included the allegations contained in the Original Complaint and further alleged that Crisenberry was grossly negligent. (*Id.* at ¶ 35.)

Colonial moved to dismiss the Original Complaint under either Rule 12(b)(1) or 12(b)(6) (the "Original 12(b) Motion"). The Court denied the Original 12(b) Motion without prejudice in view of Plaintiffs' First Amended Complaint. (Dkt. No. 9; Dkt. No. 34.) Following the filing of the First Amended Complaint and the Court's Order denying the Original 12(b) Motion, Colonial filed the instant motion. (Dkt. No. 37.) In this re-urged Motion, Colonial alleges that at the time of Milburn's death, she was an employee acting in the course and scope of her employment. (*Id.* at 2–3.) As a result, Colonial argues that the Plaintiffs' exclusive remedy for the claims against Colonial is through a workers' compensation proceeding.[2] (*Id.*) Colonial asks this Court to dismiss the Plaintiffs' claims on two grounds: (1) the Plaintiffs have failed to state a claim for which relief can be granted because the Plaintiffs' claims are barred by the exclusive remedy of workers'

---

[1] In the Plaintiffs' Original Complaint, the named plaintiff was "the Estate of Judy Milburn." (Dkt. No. 1.) The Court ordered that the case be stayed to allow the Plaintiffs to "determine and more clearly establish [their] capacity under FRCP 17 to bring, maintain, and prosecute this case." (Dkt. No. 32.) Following that order, the Plaintiffs filed their First Amended Complaint naming the Plaintiffs as the proper plaintiffs to maintain this action. (Dkt. No. 33.)

[2] Colonial's principal place of business is located in Tennessee. As a result of Milburn's accident, Colonial reported her fatality to the Tennessee Department of Labor and a worker compensation claim was opened. (Dkt. No. 37 at 1–2.)

compensation and (2) the Tennessee Workers' Compensation Division has exclusive jurisdiction over the Plaintiffs' claims against Colonial. (*Id.* at 1.)

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the subject matter jurisdiction of the Court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proving its existence. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). A case is properly dismissed under Rule 12(b)(1) when the Court lacks the statutory or constitutional power to adjudicate the case. *CLEANCOALITION v. TXU Power*, 536 F.3d 469, 473 (5th Cir. 2008) (citing *Home Builders Ass'n of Miss., Inc. v. Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In deciding a Rule 12(b)(1) motion, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

### B. Federal Rule of Civil Procedure 12(b)(6)

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)).

The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The well-pleaded facts must permit the court to infer more than just the mere

possibility of misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

There are two guiding principles in determining whether a complaint can survive such a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* at 678–79. This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DISCUSSION

#### A. Failure by the Plaintiffs to Exhaust its State Administrative Remedies Does Not Deprive this Court of Subject Matter Jurisdiction.

Even if the Court conclusively found that Milburn was injured in the course and scope of her employment, and as a result of such employment her injuries were subject to a workers' compensation agreement, the Court would not be deprived of subject-matter jurisdiction. Diversity jurisdiction in federal court is allowed for "citizens of different States" for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs[.]" *Am. Zurich Ins. Co. v. Jasso*, 598 Fed. Appx. 239, 243 (5th Cir. 2015) (quoting 28 U.S.C. § 1332(a)). Here, the Plaintiffs adequately pled and Colonial has not contested that the

4

requirements of § 1332(a) are satisfied in this case. (*See* Dkt. No. 33 ¶ 1.) An exhaustion requirement can only act to deprive federal courts of jurisdiction if Congress "statutorily mandates that a claimant exhaust administrative remedies." *Caldera v. Ins. Co. of Pa.*, 716 F.3d 861, 867 n.11 (5th Cir. 2013) (quoting *Taylor v. United States Treasury Dep't.*, 127 F.3d 470, 475 (5th Cir. 1997)). Colonial does not offer any statutory requirements that a plaintiff must exhaust state remedies as a condition of federal subject-matter jurisdiction. The Court, likewise, has found none. Accordingly, the Court finds that it has diversity-based subject-matter jurisdiction in this case.

    **B.**      **Colonial's Rule 12(b)(6) Motion Relies on Matters Outside the Pleadings.**

Colonial argues that the First Amended Complaint fails to state a claim because Milburn was injured in the course and scope of her employment and Milburn was subject to a workers' compensation agreement. (Dkt. No. 37 at 8–9.) The Plaintiffs respond that Milburn was not in the course and scope of her employment and the First Amended Complaint does not rely on or make reference to the existence of a workers' compensation agreement. (Dkt. No. 47 at 3.) As such, the Plaintiffs argue the Court should not consider any preclusive effect of workers' compensation. (*Id.* at 4.)

Given the procedural posture of the Motion, the Court need not address whether Milburn was in the course and scope of her employment and whether she was covered by a workers' compensation agreement, as any such an agreement is beyond and outside the pleadings. If a Rule 12(b)(6) motion's success depends on matters outside the pleadings, the issue is more appropriately addressed in a Rule 56 motion. *Snider v. L-3 Communs. Vertex Aero., L.L.C.*, 946 F.3d 660, 666 (5th Cir. 2019). Accordingly, the Court declines to find that the Plaintiffs' claims are precluded by a workers' compensation agreement at this time.

## IV. CONCLUSION

Based on the foregoing, the Court finds that it has subject-matter jurisdiction, and as such Colonial's Rule 12(b)(1) motion is **DENIED**. Further, the Court finds that Colonial's Rule 12(b)(6) motions raises issues both outside and beyond the pleadings. As such Colonial's Rule 12(b)(6) is **DENIED**. Finally, Plaintiffs' Motion to Strike Defendant's Untimely Reply In Opposition to Plaintiff's Opposition to Motion to Dismiss (Dkt. No. 57) and Defendant's Response to Plaintiffs' Motion to Strike Defendant's Reply to Plaintiffs' Opposition to Defendant's Fed. R. Civ. P. 12(B)(6) and 12(B)(1) Motion to Dismiss, and in the Alternative, Motion for Leave to File Reply (Dkt. No. 59) are **DENIED AS MOOT**.

**So ORDERED and SIGNED this 17th day of March, 2020.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE