## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ESTATE OF JUDY MILBURN, ROSA BRANNEN, INDIVIDUAL (DAUGHTEROF DECEDENT) AND AS ADMINISTRATOR TO THE ESTATE OF JUDY DARLENE MILBURN; AND JAIME GARCIA, INDIVIDUAL (SON OF DECEDENT); | § § § § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CIVIL ACTION NO.  2:19-CV-00233-JRG |
| COLONIAL FREIGHT SYSTEMS INC, DOES 1 TO 5, | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the supplemental briefing regarding attorneys' fees incurred in the above-captioned case (Dkt. No. 130), submitted per order of the Court (Dkt. No. 129 at 7-8). Having considered the documentation submitted by Defendant Colonial Freight Systems Inc. ("Defendant" or "Colonial"), and for the reasons set forth herein, the Court is of the opinion that a sanctions award of $170,027.07 in attorneys' fees, 80% of which are to be paid by Plaintiff's counsel and the remaining 20% to be jointly paid by Plaintiffs and their counsel to Colonial is justified. Further, costs already awarded to Colonial by prior order (Dkt. No. 125) in the amount of $4,707.66 are to be paid to Colonial by Plaintiffs.

### I.      BACKGROUND

This case resulted from a fatal trucking accident which occurred in Harrison County, Texas, involving drivers Judy Milburn and Jimmy Crisenberry. Plaintiffs Rosa Brannen, individually and

as Administrator of the Estate of Judy Darlene Milburn, and Jaime Garcia, individually (collectively, the "Plaintiffs"), filed suit against Colonial. (Dkt. No. 66). Plaintiffs' contentions were that Colonial was vicariously liable for Mr. Crisenberry's negligence and directly liable for negligent hiring, training, retention, and supervision of Mr. Crisenberry. (*Id.*).

On June 19, 2020, the Court granted summary judgment in favor of Colonial on the basis that a workers' compensation agreement was valid and enforceable, and that Ms. Milburn was injured within the course and scope of her employment, and therefore Plaintiffs' claims were barred, with workers' compensation being Plaintiffs' exclusive remedy. (Dkt. No. 122, *see also* Dkt. No. 123). The Court entered a Final Judgment on July 6, 2020 in favor of Colonial and ordering that Plaintiffs take nothing from Colonial, and additionally awarding costs to Colonial. (Dkt. No. 125). Subsequently, on July 20, 2020, Colonial served a Rule 11 Motion seeking attorneys' fees and costs incurred in defending the lawsuit. (Dkt. No. 126). The Court granted said motion, being required to consider such unopposed given that Plaintiffs did not respond. However, the Court ordered further documentation supporting the attorneys' fees sought and costs incurred. (Dkt. No. 129).

## II.    LEGAL STANDARD

The Court may not impose a monetary sanction against a represented party for the presentation of frivolous legal arguments in violation of Rule 11(b)(2), but may impose such sanctions on counsel. Fed. R. Civ. P. 11(c)(5)(A); *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 567 (5th Cir. 2006). However, the presentation of frivolous factual claims under Rule 11(b)(1) and presentation of claims for an improper purpose under Rule 11(b)(3) are sanctionable against a represented party. *Skidmore Energy*, 455 F.3d at 568.

2

The calculation of reasonable fees and expenses is done through a lodestar analysis "by multiplying the reasonable number of hours expended in defending the suit by the reasonable hourly rates for the participating lawyers." *Id.* at 568. Once the lodestar calculation is performed, the Court may adjust that number upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).  The twelve *Johnson* factors are: (1) the time and labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 117-19.  However, the lodestar may not be adjusted because of a *Johnson* factor if that factor was already subsumed in the lodestar. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998).

"In assessing the reasonableness of the fees and costs in the sanctions context…the Court may rely upon its own factual determination in deciding the proper fee amount." *Graham v. Dallas Indep. Sch. Dist.*, No. 3:04-CV-2461-B, 2006 WL 507944 (N.D. Tex. Jan. 10, 2006) (citing *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1238 (5th Cir. 1984)).

## III.    DISCUSSION

"When [hourly rates are] not contested, [they are] prima facie reasonable." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). The rate charged by Colonial's counsel is uncontested in this case, and therefore the remaining determinations for the Court are (1) whether the hours spent were reasonable, (2) once the lodestar is calculated, any adjustments based on the

*Johnson* factors, and (3) the proportion of sanctions attributable to legally frivolous contentions and factually frivolous sanctions.

### A.  LODESTAR AMOUNT

Based on the submitted Affidavit of Margaret Johnson, Colonial's attorneys expended 635.7 hours, its paralegals expended 135 hours, and its expert witness Rick Gobbell expended 15 hours. (Dkt. No. 130, Exhs. 1, 2). Colonial's counsel charged fees of $235.00 per hour for partners, $215.00 per hour for associates, $105.00 per hour for paralegals, and Mr. Gobbell charged a rate of $400.00 per hour. (Dkt. No. 130 ¶¶ 5, 6). The total requested fees are $170,027.07, including $149,389.50 for attorneys' fees, $14,175.00 for paralegal fees, and $6,000.00 for Mr. Gobbell's fees. (*Id.* ¶¶ 5, 6, 8, 9).

### 1.  REASONABLE HOURLY RATE

Since Plaintiffs and their counsel have contested nothing about this Motion, the hourly rates charged are presumptively reasonable. In light of the *prima facie* reasonableness of the hourly rates charged in this case, the Court finds that the hourly rates above are to be multiplied by the reasonable number of hours expended to reach the lodestar calculation.

### 2.  REASONABLE HOURS EXPENDED

The determination of reasonable hours expended is a fact-intensive inquiry, and district courts have sizeable discretion in that determination. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988).

Among the documents submitted by Colonial were billing invoices containing hours expended in defending this case. (Dkt. No. 130, Exh. 1). Having carefully examined the invoices, the Court finds that the number of hours reflected by Ms. Johnson's affidavit are reasonable.

At the beginning phase of the case, Colonial's counsel filed Rule 12 Motions to Dismiss, an answer, accompanying briefing, and subsequent pleadings and motions in response to amended pleadings from Plaintiffs. (*See, e.g.*, Dkt. Nos. 8, 9, 37, 46, 87). Colonial points to the necessity of researching both Texas and Tennessee case law regarding the workers' compensation exclusive remedy, choice of law, and whether a co-driver in the sleeper berth of a truck is within the course and scope of employment. (Dkt. No. 130 ¶ 10). Next, the discovery phase of the case involved extensive written discovery, particularly documents from the Federal Motor Carrier Safety Administration ("FMCSA"), with the same prompting the retention of FMCSA compliance expert Mr. Gobbell. (*Id.*). Also, the preparation of Defendant's motions for summary judgment, the pretrial conference, and potential trial accounted for many hours. (*Id.*). The Court also notes that Defendant's counsel spent additional time on the case because of Plaintiffs' counsel's noncompliance with the Court's orders and deadlines and the matter of Plaintiffs' capacity to sue pursuant to Federal Rule of Civil Procedure 17(b). (*See* Dkt. Nos. 32, 116). Finally, counsel prepared Colonial's post-judgment briefing regarding its Rule 11 motion. (Dkt. No. 126).

Based on the hours billed by Colonial's counsel defending this case, the Court finds that 635.7 hours were reasonably expended by counsel, 135 hours were reasonably expended by paralegals, and 15 hours were reasonably expended by Mr. Gobbell. (*See* Dkt. No. 130). Applying the reasonable hourly fees, *supra* Part III.A., the Court concludes that a lodestar amount of $170,027.07 should apply.

### B.  *JOHNSON* FACTORS

Having calculated the lodestar amount, the Court now addresses the twelve *Johnson* factors to determine whether any adjustments upward or downward are appropriate. Ultimately, the Court is of the opinion that none of the Johnson factors justify an adjustment to the lodestar amount.

The twelve *Johnson* factors are: (1) the time and labor required to represent the client; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 117-19.

First, the Court eliminates any *Johnson* factors already considered in calculating the lodestar figure, such as the time and labor required to represent the client and the novelty and difficulty of issues in the case. *Migis*, 135 F.3d at 1047.

Turning to the remaining *Johnson* factors, the Court begins with factor 3, the skill required to perform the legal services properly. Counsel represents that the case "require[d] involvement of attorneys with significant tenure and experience defending complicated trucking matters . . ." (Dkt. No. 130 ¶ 12). The significant involvement of Margaret Johnson and Clinton Cox, both experienced in transportation cases, supports Defendant's position. However, the Court does not find any additional reason to, and will not, adjust the lodestar amount based on factor 3.

Factor 4, the preclusion of other employment by the attorney due to acceptance of the case, does not find support in the record before the Court. Ms. Johnson's affidavit states that counsel's "undivided attention" was needed, sometimes for days at a time. (*Id.*). However, such does not necessarily equal counsel being precluded from other employment, and thus the Court is not persuaded that the lodestar amount ought to be adjusted based on this factor.

The customary fee, factor 5, does not support an adjustment. Colonial admits that the fees charged were customary. (*Id.* ¶ 5). Thus, the Court finds no adjustment necessary. Similarly, factor 6, whether the fee is fixed or contingent, does not support an adjustment. The Court finds that the hourly rate and hours expended were reasonable and there is no compelling reason to adjust that amount based on factor 6.

The Court next turns to factor 7, time limitations imposed by the client or the circumstances. Ms. Johnson notes in her affidavit that "the pace of the litigation was driven by the standing Docket Control Orders" entered by the Court. (*Id.* ¶ 10). The Court notes that the complaint was filed on June 21, 2019 (Dkt. No. 1), and the case was set for trial less than 13 months later on July 6, 2020 (Dkt. No. 84). However, despite this fairly aggressive timeline, the Court is not persuaded that factor 7 justifies an upward or downward adjustment.

The next factor, factor 8, is the amount involved and the results obtained. It is unclear exactly what amount in damages were anticipated, because summary judgment was granted, as noted above. The Plaintiffs simply pled that damages exceeded $75,000 and they sought unspecified exemplary damages. (Dkt. Nos. 66, 123). Having considered these facts, the Court finds that no adjustment to the lodestar is warranted based on factor 8.

Factor 9 relates to the experience, reputation, and ability of the attorneys. The Court does not question the capability of Mr. Cox or Ms. Johnson, both of whom have considerable experience defending trucking matters. (*See* Dkt. No. 130, Exhs. 3, 4). That said, the Court does not find that an adjustment is needed, as the reasonable fee adequately compensates Colonial's counsel for their abilities and efforts.

Turning next to factor 10, the "undesirability" of the case, the Court is also not persuaded that any adjustment is necessary. Factor 11 is the nature and length of the professional relationship

with the client. Colonial's counsel previously achieved a successful result on Colonial's behalf and there was an existing business relationship. (*Id.* ¶ 11). However, the Court is not persuaded that such relationship justifies any adjustment to the attorneys' fees award.

As to the final factor, awards in similar cases, Colonial has not pointed to any such awards. Further, the Court has rarely, if ever, been confronted with effectively unopposed sanctions motion under Rule 11. In light of these facts, the Court is not inclined to adjust the lodestar calculation regarding factor 12.

### C. SANCTIONS FOR LEGALLY AND FACTUALLY FRIVOLOUS CONTENTIONS

Federal Rule of Civil Procedure 11 permits the imposition of sanctions against the signing attorney, a represented party, or both, based on the duty of both counsel and client to conduct a reasonable inquiry. Fed. R. Civ. P. 11(c)(1) Advisory Committee's Note ("If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both . . ."). However, the Court may not impose a monetary sanction against a represented party for a violation of Rule 11(b)(2)—legally frivolous contentions. Fed. R. Civ. P. 11(c)(5). Accordingly, the Court now considers the proper proportion and allocations of sanctionable conduct and relief to ensure Plaintiffs are not improperly sanctioned for their counsel's conduct.

Having examined the record, the Court finds that the vast majority of sanctionable conduct was based on faulty legal contentions—namely, that workers' compensation did not bar the claims asserted. Further, the Court finds that the unopposed and unresponded-to nature of this award rests solely upon Plaintiffs' counsel. In light of such, the Court concludes that 80% of the sanctions imposed are based on Rule 11(b)(2) and are assessed solely to Plaintiffs' counsel, with the remaining 20% jointly assessed to Plaintiffs and their counsel.

The conduct sanctioned by the Court began prior to the time the complaint was filed. Colonial notified Plaintiffs on March 13, 2019, that the exclusive remedy was workers' compensation. (Dkt. No. 126, Exh. A). However, Plaintiffs filed their complaint on June 21, 2019 anyway. (Dkt. No. 1). Defendant raised the workers' compensation bar numerous times, including in each answer, Rule 12 motions, and motions for summary judgment. (Dkt. Nos. 8, 9, 37, 46, 55, 87, 101). Yet, despite being firmly on notice that Plaintiffs' claims were barred as a matter of law, Plaintiffs' counsel continued to pursue those claims.

It must the case that, at some point, Plaintiffs themselves were aware of certain facts pertinent to the frivolity of their claims. However, the workers' compensation agreement between Colonial and Ms. Milburn (Dkt. No. 55, Exh. A-1) was in the custody of Colonial (Dkt. No. 55, Exh. A ¶ 5). Further, the full legal implications of that agreement would likely not be apparent to Plaintiffs. It was the responsibility of Plaintiffs' counsel, having been notified of the legally untenable nature of Plaintiffs' claims, to advise his clients that the claims should not have been pursued.

Having considered the respective shares of responsibility, the Court is of the opinion that 80% of the conduct is attributable to legally frivolous contentions, and therefore imposes sanctions only on Plaintiffs' counsel. The remaining 20% of sanctioned conduct, for the pursuit of factually frivolous claims and presentation of claims for improper purposes, is jointly attributable to Plaintiffs and their counsel, and the Court imposes sanctions on both Plaintiffs and their counsel, jointly and severally.

### D.  CONCLUSION

Based on the foregoing, the Court **GRANTS** a fee award of $170,027.07 in attorneys' fees to Defendant based on conduct sanctioned by prior order. It is therefore **ORDERED** that Plaintiffs'

counsel, John R. Waterman, shall pay to Defendant 80% of such fees and Plaintiffs and their counsel, John R. Waterman, shall be jointly and severally responsible for the remaining 20% of such fees. It is further **ORDERED** that Plaintiffs shall pay to Defendant all previously-taxed costs in the amount of $4,707.66. Such payments shall be made instanter.

     **So ORDERED and SIGNED this 12th day of November, 2020.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE